IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TERRY W. VAN ALLEN § | |
| § | |
| VS. § | CIVIL ACTION NO. G-07-315 |
| § | |
| U.S. DEPARTMENT OF HOUSING § | |
| AND URBAN DEVELOPMENT § | |

## OPINION AND ORDER

Before the Court is the request of Plaintiff, Terry W. Van Allen, for the issuance of a preliminary injunction. Having considered the request and the evidence presented during a Hearing on October 4, 2007, the Court now issues this Opinion and Order.

Van Allen, an employee with the U.S. Department of Housing and Urban Development (HUD) seeks mandatory injunctive relief requiring HUD to comply with the Privacy Act. His request arises from an ongoing feud with HUD over the release of records pertaining to him under the provisions of the Act. Van Allen also has a Title VII action pending against HUD in which he has alleged, *inter alia*, that HUD "refuses to comply with…the Privacy Act…and treats Plaintiff adversely and disparately with discrimination, hostility, and retaliation in a nexus of violations of the Privacy Act."

A preliminary injunction is an extraordinary and drastic remedy which should not be routinely granted. Intel Corp. v. ULSI System Technology, Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993)   A primary purpose of a preliminary injunction is to prevent irreparable loss of rights prior to judgment, Compact Van Equipment Co. v. Leggett & Platt, 566 F.2d 952, 954 (5th Cir. 1978); indeed, a showing of irreparable injury is the "sine qua non of injunctive relief." Northern Fla. Chapter of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)

Significantly, even if Van Allen could establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.  Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)

In the case at bar, Van Allen has failed to make a showing that he will suffer any irreparable injury between now and the entry of judgment.  The documents he seeks can now be requested through discovery aimed at proving or disapproving HUD's claim that it has produced all the documents it has that fall within the coverage of the Privacy Act.  The same documents are also discoverable in Van Allen's Title VII discrimination case.  Furthermore, there seems to be a legitimate dispute over the applicability of the Privacy Act.  According to HUD, since the records Van Allen seeks are not maintained in a system of records retrievable by his name they are not available through a Privacy Act request.  Cf. Bettersworth v. FDIC, 248 F.3d 386, 392 (5th Cir. 2001)   Obviously, HUD may object to the production of some of the documents, but Van Allen has easy access to the Court for a determination of their discoverability.  Consequently, in the opinion of this Court, the extraordinary and drastic remedy of a preliminary injunction is inappropriate.  There is no likelihood that the documents will be destroyed and the dispute between Van Allen and HUD is best determined in a neutral forum.

For all of the foregoing reasons, it is the **ORDER** of this Court that the request of Plaintiff, Terry W. Van Allen, for the issuance of a preliminary injunction is **DENIED**.

**DONE** at Galveston, Texas, this _____19th_____ day of December, 2007.

_____
John R. Froeschner
United States Magistrate Judge