IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TERRY W. VAN ALLEN § | |
| § | |
| VS. § | CIVIL ACTION NO. G-07-315 |
| § | |
| U.S. DEPARTMENT OF HOUSING § | |
| AND URBAN DEVELOPMENT § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, the United States Department of Housing and Urban Development (HUD), seeking dismissal of the original complaint of Plaintiff, Terry W. Van Allen.

On June 11, 2007, Van Allen, acting pro se, filed this action seeking injunctive relief against HUD, his employer, for its alleged violations of the Privacy Act, 5 U.S.C. § 552a, for not timely providing him with copies of, or access to, all of his personnel-related documents. On June 18, 2007, Van Allen filed a Title VII cause of action against Alphonso R. Jackson, Secretary of HUD, alleging various theories of recovery. On November 19, 2007, this Court denied Van Allen's request for a preliminary injunction: this Court recognized the potentially "legitimate dispute over the applicability of the Privacy Act" and opined that since the documents sought were readily discoverable in the Title VII action there was no need to expend scarce judicial resources considering Van Allen's entitlement, if any, to the extraordinary relief of an injunction. Thereafter, this action was essentially abated pending the progress of discovery in Van Allen's Title VII action. On July 9, 2008, Anthony Griffin filed his Notice of Appearance as counsel for Van Allen.

HUD has now moved for summary judgment alleging, in part, that the instant controversy has, indeed, been rendered moot as a result of its document production in the Title VII action. In response, Van Allen avers that he "will concede that the question of injunctive relief is now moot, but the issue of attorney's fee is not." In its reply, HUD argues that even if there is a legitimate claim for attorney's fees, which it denies, that issue should not postpone the entry of final judgment; the Court agrees with HUD on this point.

Rule 58(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that "entry of judgment may not be delayed…in order to tax costs or award fees." In Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1998), the Court noted that when a request for attorney's fees, allowed by federal statute, is collateral to the merits of the litigation, a decision on the merits is final even absent a finding regarding the recoverability or amount of attorney's fees. The same approach should apply when the underlying action is rendered moot during its pendency. Cf. Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990) (An interest in attorney's fees is insufficient to create a "case or controversy" where none exists on the merits of the underlying claim.) The issue of whether Van Allen has "substantially prevailed," for purposes of 5 U.S.C. § 552a(4)(E)(i), is collateral to the merits of his now moot request for injunctive relief, therefore, the entry of final judgment should not be delayed. Van Allen is, of course, free to submit a timely motion for attorney's fees for any substantive work performed by Mr. Griffin in this case if he desires to do so.[1]  See Rule 54(d)(2)(B)

---

[1] The Court notes, in passing, that Van Allen's original complaint did not contain a specific request for an award of attorney's fees.

Since Van Allen concedes that his claim for injunctive relief is now moot, it is **ORDERED** that HUD's Motion for Summary Judgment (Instrument no. 43) is **GRANTED**, solely on that ground, and the "Original Complaint and Application for Injunctive Relief" (Instrument no. 1) of Plaintiff, Terry W. Van Allen, is **DISMISSED as moot**.

**DONE** at Galveston, Texas, this \_\_\_\_\_9th_____ day of June, 2008.

_____
John R. Froeschner
United States Magistrate Judge